NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: MINON MILLER, | No. 16-60087 |
| Debtor. | BAP No. 15-1328 |
| _____ | |
| MINON MILLER, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| EDWARD GILLIAM, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Taylor, and Kurtz, Bankruptcy Judges, Presiding

Submitted December 18, 2017[**]

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Chapter 7 debtor Minon Miller appeals pro se from the judgment of the

Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's order

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

dismissing Miller's bankruptcy case. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court did not abuse its discretion by dismissing Miller's chapter 7 petition because the record supports the bankruptcy court's extensive findings of abuse and bad faith. *See* 11 U.S.C. §§ 707(b)(1), (b)(3)(A); *Price v. U.S. Trustee (In re Price)*, 353 F.3d 1135, 1138 (9th Cir. 2004) (reviewing for clear error a bankruptcy court's factual findings and for an abuse of discretion its decision to dismiss a chapter 7 bankruptcy petition).

To the extent Miller argues that the bankruptcy court violated due process by considering any of Gilliam's motions, we reject the contention because the record shows that the bankruptcy court provided Miller with adequate opportunity to respond and be heard.

We reject as without merit Miller's contentions that the bankruptcy judge should have recused himself.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-60087